**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**November 3, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

ROBERT V. WONSCH,

    Petitioner - Appellant,

v.

SCOTT CROW,

    Respondent - Appellee.

No. 22-6040
(D.C. No. 5:21-CV-00826-PRW)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Robert V. Wonsch, an Oklahoma prisoner proceeding pro se, has moved for a

certificate of appealability (COA) so he may appeal the district court's denial of his

28 U.S.C. § 2254 petition.  We find that Wonsch does not qualify for a COA, so we

deny his motion and dismiss this matter.

**I.**    **BACKGROUND & PROCEDURAL HISTORY**

In December 2018, Wonsch received a sentence totaling seventy years for

eleven offenses of which he had been convicted after a jury trial in Oklahoma state

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court.  He appealed to the Oklahoma Court of Criminal Appeals (OCCA), which affirmed in April 2020.

In May 2020, Wonsch sought postconviction relief from the OCCA through a petition for a writ of mandamus.  The OCCA dismissed that petition in July 2020 because Wonsch had not yet requested postconviction relief from the trial court. Then, in April 2021, he filed a "Pro-Se Motion [for] Post-Conviction Relief" with the trial court.  R. vol. 4 at 10.  He claimed his prosecution violated his rights to a speedy trial and effective assistance of counsel.  The trial court denied that motion in July 2021 because Wonsch had not verified it.  *See* Okla. Stat. tit. 22, § 1081 ("A [post-conviction] proceeding is commenced by filing a verified 'application for post-conviction relief' with the clerk of the court imposing judgment . . . .").

Wonsch filed his § 2254 petition in federal district court the following month (August 2021).  Wonsch again pleaded claims centering around his rights to a speedy trial and effective assistance of counsel.  His first claim, however, was that the State of Oklahoma ("state") and his court-appointed public defenders obstructed his ability to file a timely federal habeas petition.

The state moved to dismiss as untimely.  The district court agreed that Wonsch's petition was untimely and not subject to any form of tolling or any exception to the statute of limitations.  The court therefore granted the state's motion and dismissed Wonsch's § 2254 petition.  The district court also denied a COA.

## II.    LEGAL STANDARD

To merit a COA, Wonsch must "ma[ke] a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This means he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  And he must make an extra showing in this circumstance because the district court denied his motion on a procedural ground, namely, untimeliness.  So he must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

## III.    ANALYSIS

A state prisoner usually has one year from the date his conviction becomes "final" to file a § 2254 petition.  28 U.S.C. § 2244(d)(1)(A).  A conviction becomes final upon "conclusion of direct review or the expiration of the time for seeking such review."  *Id.*  Here, the district court found that Wonsch's conviction became final on July 22, 2020.  This was the last day Wonsch could file a petition with the United States Supreme Court to review the OCCA's April 2020 direct-appeal decision. Thus, Wonsch's one-year window began to run on July 23, 2020, meaning that— absent tolling or some other basis for extending or forgiving the statute of limitations—he had until July 23, 2021, to file his § 2254 petition.

Wonsch does not challenge the district court's calculation of the date on which his conviction became final, nor of the presumptive date by which he needed to file his § 2254 petition.  We will therefore accept those dates as undisputed.

3

Obviously, Wonsch's petition (filed in August 2021) was untimely as compared to the July 23, 2021, deadline.  But the district court also considered whether Wonsch's one-year filing window had been tolled while he pursued "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment."  *Id.* § 2244(d)(2).  The court held that nothing Wonsch filed, either with the OCCA or the trial court, met the formal requirements for a proper postconviction application in Oklahoma.

In his COA motion, Wonsch argues that he did not have enough money to pay for a copy of his trial transcripts, and that circumstance "obstruct[ed] [his] ability to properly file his Post-Conviction and Habeas Petition."  Mot. at 25 (emphasis removed).  Without certified transcripts, he says, "any pro-se, indigent, state prisoner runs the risk of [being perceived by the court as having filed] a frivolous pleading containing perjurious statements, consistent with sham legal process."  *Id.* at 26.

This argument is difficult to understand because Wonsch went ahead and filed documents seeking postconviction relief, despite the claimed risk.  Regardless, the district court did not rule that Wonsch's postconviction filings were inadequately supported.  The district court instead ruled that Wonsch's filings did not satisfy Oklahoma's formal requirements, such as verification.  Wonsch offers no argument that the district court erred in this respect.

The district court considered other statutory provisions and legal doctrines that might have tolled or excused the limitations period, or prevented it from beginning to run in the first place, but only one of those possibilities remains relevant in light of

4

Wonsch's current arguments. Specifically, the district court considered whether Wonsch made a showing of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding that a sufficient showing of actual innocence excuses failure to file within the statute of limitations). The district court rejected this possibility because Wonsch argued only that the evidence was not sufficient to convict him and that the state withheld exculpatory material in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), neither of which tends to show actual innocence, as opposed to legal innocence. The district court further reasoned that the actual-innocence exception was not available because Wonsch was arguing from evidence presented at trial, in contrast to the Supreme Court's requirement that an actual-innocence claim must rely on "new reliable evidence . . . that was *not* presented at trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added).

In his COA motion, Wonsch attempts to support his actual-innocence claim by discussing his *Brady* allegations in more detail and pointing to evidence that could have been presented at trial but was not. We are not persuaded.

First, the district court was correct that a *Brady* claim does not necessarily tend to show actual innocence. *See Browning v. Trammell*, 717 F.3d 1092, 1108 (10th Cir. 2013) ("*Brady* evidence need not prove a defendant's innocence. Rather, the evidence need only put the whole case in such a different light as to undermine confidence in the verdict." (internal quotation marks omitted)). Obviously, evidence withheld by a prosecutor in violation of *Brady* might help a petitioner to meet the

actual-innocence standard, but that would depend on the specific evidence. Merely invoking *Brady*, without more, says nothing about the petitioner's innocence.

Second, to the extent Wonsch's actual-innocence claim re-argues the evidence presented at trial, the district court correctly held that *Schlup* bars this tactic.

Third, to the extent Wonsch's claim relies on evidence not presented at trial, his discussion of that evidence falls well short of any serious consideration of actual innocence. To evaluate such a claim, "the habeas court must consider all the evidence, old and new, incriminating and exculpatory." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks omitted). Thus, a colorable actual-innocence claim usually requires detailed discussion of the new evidence compared to what was already presented. *See, e.g.*, *Fontenot v. Crow*, 4 F.4th 982, 1035 (10th Cir. 2021) ("Mr. Fontenot presents six categories of new evidence in support of his actual innocence gateway assertion . . . . We analyze each category in turn, contrasting the evidence put on [at trial] with that which is newly presented."), *cert. denied*, 142 S. Ct. 2777 (2022). And if the petitioner claims innocence of multiple counts, each count must be addressed separately. *See, e.g.*, *United States v. Williams*, 790 F.3d 1059, 1079–82 (10th Cir. 2015).

Wonsch asserts that other evidence exists (*e.g.*, surveillance recordings) and that it would contradict evidence or testimony presented at trial, but he gives us hardly any specifics about either the new evidence or the trial evidence. Moreover, the jury convicted Wonsch of eleven offenses. Wonsch never discusses any of them specifically. To the contrary, he asserts (without elaboration) that his evidence

6

would be enough to exonerate him on every count. *See* Mot. at 15 ("This video would have proven that all claims herein were frivolously alleged and that the Appellant was actually innocent of all charge[s].").

For these reasons, Wonsch fails to show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling [*i.e.*, that his § 2254 petition was untimely]," *Slack*, 529 U.S. at 484.

## IV.  CONCLUSION

We deny a COA and dismiss this matter.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge